## In re Reclassification of Airport and Pond Brooks

[457 A.2d 635]

No. 82-071

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 7, 1983

*Schuyler Jackson,* Burlington, for Appellant City of Montpelier.

*Robert J. Kurrle,* Montpelier, for Appellee Town of Berlin.

*Joseph C. Palmisano,* Barre, for Appellee Juster Associates.

*John M. Kilmurry,* Montpelier, for Appellee LaGue, Inc.

**Barney, C.J.** This is an appeal from a review by the Washington County Superior Court of a reclassification decision by

the Water Resources Board. That reclassification is notable in that it is the first such decision to come to this Court lowering an established classification, an action running contra to the general statutory direction. The superior court affirmed that determination on an appeal under 10 V.S.A. § 1270. The City of Montpelier appealed, with the Town of Berlin and Juster Associates arguing this appeal in support of the decision below. The matter involves two brooks which flow into the City of Montpelier's water supply and the lowering of their water purity classification from Class A to Class B. See 10 V.S.A. § 1252.

Montpelier contends that the order of the Water Resources Board affirmed below should have been reversed because there is nothing by way of findings to support the order made by the Board setting aside the legislative classification of such brooks as Class A in 10 V.S.A. § 1253. The argument goes on to suggest that the findings the Board did make themselves require an opposite result.

Since the appeal is directed at the Board's actions, even though a proceeding before the Washington Superior Court has intervened, it is necessary, for purposes of determining the nature and scope of our review, to look at the effect of the affirmance by the superior court involved. Appeals from Board action are governed by the language of 10 V.S.A. § 1270:

> Any person or party in interest aggrieved by any order or decision of the board pursuant to this subchapter may appeal such order or decision within thirty days from the date thereof to the superior court of any county in which the receiving waters are located. All appeals taken pursuant to this section shall be based solely upon the record of the proceedings before the board. The court shall determine whether the board acted arbitrarily, unreasonably or contrary to law and shall issue its findings and order accordingly. An appeal filed pursuant to this section shall not stay the effectiveness of any order or decision of the board pending determination by the court unless the court so orders. Appeals from the decision of the superior court shall be to the supreme court.

This special appellate procedure is to be distinguished from the procedures under 3 V.S.A. § 815 of the Administrative Procedure Act. Presumably this arises in part because these classification and reclassification orders are not within the definition of "contested case" in 3 V.S.A. § 801(b)(2). This is because the classification action, even though a hearing mechanism is provided for, does not purport to deal with the legal rights, duties or privileges of a party. See *Vermont Woolen Corp.* v. *Wackerman*, 122 Vt. 219, 227–28, 167 A.2d 533, 538–39 (1961). In any event, appeals from the Board reach the superior court under the quoted statutory section and are within the scope of V.R.C.P. 75.

This rule leaves it to the statute involved to resolve the question of whether or not the proceedings are de novo or instead indicate a different sort of review. Looking again at 10 V.S.A. § 1270, it is clear that it is not the function of the superior court to provide final review. Appeal to this Court is specifically authorized. Yet the statute also limits the superior court to a review of the findings of the Board, based entirely on the record below, to determine whether the Board acted arbitrarily, unreasonably or contrary to law.

Thus the function of the superior court is something less than a de novo review and something other than an appellate function. The statute directs that court to make findings in support of its order. That action was taken here.

The posture of the matter before the superior court in this action is very like that outlined in V.R.C.P. 53 relating to reference of a cause to a master without agreement, except the authority of that court to receive further evidence or itself modify the Board's order other than to reject it for failing to meet statutory standards is curtailed. The review of the trial court's action in this Court is to be in accordance with that posture, and the standard that declares findings acceptable unless clearly erroneous is consistent with the call of 10 V.S.A. § 1270.

With this procedural scheme in mind we must first turn to a crucial question apparent on the face of the record. In *In re Buttolph*, 141 Vt. 601, 451 A.2d 1129 (1982), a case decided after the Board had acted in this case, we held that

orders of administrative boards in their adjudicative role are "so primary and so basic to the implementation of the statute as to be nondelegable" and thus must be signed by the board members themselves. *Id.* at 606–07, 451 A.2d at 1132. In that case the order was signed by the executive secretary of the Water Resources Board. In this case the only signature was that of the chairman. This does not fulfill the mandate of *Buttolph, supra.* In *Buttolph,* the provisions of 10 V.S.A. § 1099 as then existing provided for a direct appeal to this Court. Subsequent amendment changed that provision so that it now procedurally conforms to 10 V.S.A. § 1270. The remaining question is whether there is any significant difference between direct appeal to this Court and the present process involving the superior court as an intermediate stage.

Clearly, there is no basis for a different result. The policy considerations requiring direct and individual confirmation by the board members of the full adjudicative operation, from fact finding to order, are equally present here. Nothing that can be done by the lower court short of remand for an order demonstrating the participation and consent of a sufficiency of the Board would correct the shortcoming. The matter must, therefore, be returned to the Water Resources Board so that that body may make and sign findings and order.

*Judgment order stricken and the cause remanded to the Water Resources Board for further proceedings consistent with the views expressed in the opinion.*